UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN CURRY,<br><br>Plaintiff,<br><br>-against-<br><br>CREDITORS FINANCIAL GROUP, LLC,<br><br>Defendant. | **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, KEN CURRY ("Plaintiff"), by and through his attorneys, Krohn & Moss, Ltd., for his Verified Complaint against Defendant, CREDITORS FINANCIAL GROUP, LLC ("Defendant"), alleges as follows:

### Nature of the Action

1.      This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2.      Plaintiff is a natural person residing in Anchorage, Municipality of Anchorage, Alaska.

3.      Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.      Defendant is a limited liability company having its principal place of business located in Buffalo, New York. .

5.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously placed collection calls to Plaintiff on a virtual daily basis seeking and demanding immediate payment for an alleged consumer debt based on an auto loan.

12. Defendant contacted Plaintiff and asked for a bank account from which Defendant could start taking automated payments and if a payment plan wasn't in place by the end of the phone call, Defendant would take further action and advised Plaintiff to talk to an attorney.

13. Defendant threatened to 'pull' credit on Plaintiff's wife.

14. Defendant bullied Plaintiff during phone conversations.

## CLAIM FOR RELIEF

15. Defendant's violations of the FDCPA include, but are not limited to, the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA contacting Plaintiff at a time and place known to be inconvenient;

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff;

c) Defendant violated §1692d(5) of the FDCPA by causing the phone to ring or engaged any person in telephone conversations repeatedly.

d) Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection.

e) Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, or legal status of the alleged debt.

f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

g) Defendant violated §1692e(8) of the FDCPA by threatening or communicating false credit information, including the failure to communicate that a debt is disputed.

h) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

16. Plaintiff is entitled to his attorney's fees and costs incurred in this action.

17. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

(3) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(4) Awarding such other and further relief as may be just, proper and equitable.

Dated:      May 11, 2010

KROHN & MOSS, LTD.

By: /s/ Adam T. Hill

Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-289-0898
ahill@consumerlawcenter.com
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEN CURRY, hereby demands a jury trial in this matter.

## **VERIFICATION**

STATE OF ALASKA)

:ss.:

MUNICIPALITY OF ANCHORAGE)

Plaintiff, KEN CURRY, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;

Pursuant to 28 U.S.C. § 1746(2), I, KEN CURRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 5/10/2010

KEN CURRY